```
            IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**LISA JANE GRAHAM,**

                    **Petitioner,**

      **v.**                                  **CASE NO. 06-3317-SAC**

**RICHARD KOERNER, et al.,**

                      **Respondents.**


## O R D E R

Petitioner proceeds pro se and in forma pauperis on a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. Before the court is petitioner's motion for a stay this matter, for recusal of the undersigned judge, and for reassignment of the case to a different judge in the District of Kansas. Having reviewed petitioner's pleading, the court denies these requests.

Pursuant to 28 U.S.C. § 455(a), the recusal or disqualification of a judge is required where personal bias or prejudice by a judge against or for a party is demonstrated, or where the impartiality of the judge might reasonably be questioned. *See also* 28 U.S.C. § 144 (recusal based on moving party's timely affidavit identifying facts sufficient to show bias and prejudice); <u>Hinman v. Rogers</u>, 831 F.2d 937, 939 (10th Cir. 1987)(showing of bias and prejudice must be personal, *extrajudicial*, and identified by "facts of time, place, persons, occasion, and circumstances"). "The basic test is whether a reasonable person armed with the relevant facts would harbor doubts about the judge's impartiality." <u>Maez v. Mountain States Tel. and Tel., Inc.</u>, 54 F.3d 1488, 1508 (10th Cir. 1995)(citations

omitted).

A judge is under as much obligation not to recuse when there in no reason to do so. <u>Hinman</u>, 831 F.2d at, 939. Prior adverse rulings against a litigant are not in themselves appropriate grounds for disqualification. <u>United States v. Cooley</u>, 1 F.3d 985, 993-94 (10th Cir. 1993). *See also* <u>Estate of Bishop v. Equinox Int'l Corp.</u>, 256 F.3d 1050, 1058 (10th Cir.)(unfavorable judicial rulings do not in themselves call into question the impartiality of a judge), *cert. denied* 534 U.S. 1130 (2002). Even where a judge is reversed on earlier rulings, the judge is not disqualified from sitting in a retrial of the case. <u>N.L.R.B. v. Donnelly Garment Co.</u>, 330 U.S. 219 (1947).

In the present case, petitioner cites this court's dismissal of her earlier habeas petition regarding a different state criminal conviction, the circuit court's reversal of this court's disposition, and dismissal of the petition on alternative grounds on remand.[1] On these facts, petitioner argues the undersigned judge "is not wholly free, disinterested, impartial, and independent." (Doc. 6, p.3). Because petitioner's allegations rest on prior judicial rulings which "neither (1) relied upon knowledge acquired outside such proceedings nor (2) displayed deep-seated and unequivocal antagonism that would render fair judgment impossible," <u>Liteky v. United States</u>, 510 U.S. 540, 556 (1994), and would cause

---

[1] *See* <u>Graham v. Koerner</u>, Case No. 03-3075-SAC (D.Kan. March 25, 2005)(dismissed on a finding that petitioner was not "in custody" for seeking federal habeas relief), *reversed and remanded* (10th Cir. September 2, 2005)(unpublished opinion), *on remand* (D.Kan. December 15, 2005)(denied on a finding that federal habeas review was barred by petitioner's procedural default).

no reasonable person to harbor doubts about the undersigned judge's impartiality in the present case, the court denies petitioner's motion for recusal.  Petitioner's related requests for a stay and reassignment of the case are denied as moot.

IT IS THEREFORE ORDERED that petitioner's motion for a stay, for recusal, and for reassignment of this action (Doc. 6) is denied.

**IT IS SO ORDERED.**

DATED:  This 1st day of December 2006 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge
