IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LISA JANE GRAHAM,**

               **Petitioner,**

      **v.**                                    CASE NO. 06-3317-SAC

**RICHARD KOERNER, et al.,**

               **Respondents.**

**O R D E R**

Petitioner proceeds pro se and in forma pauperis on a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. The court reviewed the petition and ordered respondents to show cause why the petition should not be granted. Having reviewed respondents' motion for an extension of time to file an answer and return, and petitioner's objection thereto, the court finds good cause has been demonstrated for the requested extension and grants respondents' motion.

Petitioner filed a motion to stay this matter, and for recusal of the undersigned judge with reassignment of the case to a different judge in the District of Kansas. By an order dated December 1, 2006, the court denied these requests. Before the court is petitioner's notice of appeal from that order.

A federal statute provides for an appeal from a non-final order if the district court expressly finds the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the

order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The court makes no such finding in this case.

Accordingly, to the extent petitioner seeks to proceed in forma pauperis in an interlocutory appeal, the court certifies the appeal is not taken in good faith and denies petitioner leave to proceed in forma pauperis in said appeal. *See* Fed.R.App.P. 24(a)(3)(A)(a party permitted to proceed in forma pauperis in the district court may proceed in forma pauperis on appeal without further authorization unless the district court certifies the appeal is not taken in good faith or finds the party is not otherwise entitled to proceed in forma pauperis). Additionally, if a certificate of appealability is required for an interlocutory appeal in this § 2254 habeas action, the court issues no certification for the appeal. Petitioner has made no "substantial showing of the denial of a constitutional right," *see* 28 U.S.C. § 2253(c)(1) and (2), nor has she demonstrated that this court's resolution of any procedural issue included petitioner's interlocutory appeal would be debatable among reasonable jurists, Slack v. McDaniel, 529 U.S. 473, 484 (2000).

While an order denying a motion to recuse is generally interlocutory and thus not immediately appealable," Nichols v. Alley, 71 F.3d 347, 350 (10th Cir. 1995), to the extent petitioner's pro se notice of appeal is subject to being construed as a petition to the Tenth Circuit Court of Appeals for a writ of mandamus, *see* Boughton v. Cotter Corp., 10 F.3d 746, 750-51 (10th Cir. 1993)(pro se notice of appeal from denial of motion to recuse is treated as

2

petition for mandamus); <u>United States v. Cooley</u>, 1 F.3d 985, 996 n.9 (10th Cir. 1993)(mandamus is appropriate vehicle to challenge a district court's denial of a recusal motion), petitioner can seek leave from the circuit court to proceed in that action without prepayment of the filing fee.

IT IS THEREFORE ORDERED that respondents' motion for an extension of time (Doc. 8) is granted, and that respondents are granted to and including February 9, 2007, to file an answer and return.

IT IS FURTHER ORDERED that to the extent petitioner's notice of appeal is treated as an interlocutory appeal, the court denies petitioner leave to proceed in forma pauperis in the appeal and issues no certificate of appealability.

**IT IS SO ORDERED.**

DATED:  This 19th day of December 2006 at Topeka, Kansas.

                                  s/ Sam A. Crow
                                  SAM A. CROW
                                  U.S. Senior District Judge