```
           IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**LISA JANE GRAHAM,**

                **Petitioner,**

       v.                               **CASE NO. 06-3317-SAC**

**RICHARD KOERNER, et al.,**

                **Respondents.**

### O R D E R

Petitioner proceeds pro se and in forma pauperis on a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. By an order dated February 21, 2007, the court granted respondents' request for an extension of time to file an answer and return, and denied petitioner's motion for default judgment and release from confinement. Before the court is petitioner's motion for reconsideration and her notice of an interlocutory appeal.

*Motion for Reconsideration*

Petitioner's motion for reconsideration is denied. Reconsideration of a nondispositive order must be based on a showing of an intervening change in controlling law, the availability of new evidence, or a need to correct clear error or prevent manifest injustice. D.Kan.Rule 7.3(b). Petitioner's motion presents no such basis for modifying or setting aside the order dated February 21, 2007.

*Interlocutory Appeal*

This is the second interlocutory appeal filed by petitioner in

this action.  In her first interlocutory appeal, petitioner appealed from a court order denying petitioner's motions for a stay and for recusal of the undersigned judge.  The court found the appeal was not taken in good faith, denied petitioner leave to proceed in forma pauperis on appeal, and denied a certificate of appealability for the appeal.  The Tenth Circuit Court of Appeals dismissed the interlocutory appeal on January 26, 2007.[1]

As to petitioner's current appeal from a non-final order, the court finds the order entered on February 21, 2007, involves no "controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  The court certifies that petitioner's second interlocutory appeal is not taken in good faith and denies petitioner leave to proceed in forma pauperis in said appeal.  *See* Fed.R.App.P. 24(a)(3)(A)(a party permitted to proceed in forma pauperis in the district court may proceed in forma pauperis on appeal without further authorization unless the district court certifies the appeal is not taken in good faith or finds the

---

[1] The Circuit Court summarily dismissed petitioner's appeal for lack of appellate jurisdiction, and did not address petitioner's non-payment of the appellate filing fee.  Accordingly, as adjusted for petitioner's voluntary $5.00 partial payment, court records show an outstanding $450.00 appellate filing fee obligation for petitioner's first interlocutory appeal (10th Cir. Appeal 06-3425).
    Payment of this outstanding appellate filing fee obligation is <u>not</u> subject to the automatic filing fee payments from an inmate's trust fund account as authorized by 28 U.S.C. § 1915(b)(2).  *See* <u>United States v. Simmonds</u>, 111 F.3d 737 (10th Cir. 1997)(28 U.S.C. § 1915 as amended by the Prison Litigation Reform Act in 1996 does not encompass state habeas actions filed under 28 U.S.C. 2254, or appeals therefrom).

party is not otherwise entitled to proceed in forma pauperis).

Additionally, to the extent a certificate of appealability is required for this interlocutory appeal, the court issues no such certification for the appeal. Petitioner makes no "substantial showing of the denial of a constitutional right," see 28 U.S.C. § 2253(c)(1) and (2), nor has she demonstrated that this court's resolution of any procedural issue included petitioner's interlocutory appeal would be debatable among reasonable jurists, Slack v. McDaniel, 529 U.S. 473, 484 (2000).

*Motion for Extension of Time*

Also before the court is petitioner's motion for an extension of time to file a traverse. Respondents filed a response to the petition on March 8, 2007. Petitioner filed a traverse on March 19, 2007, within the ten day period granted by the court. *See* Fed.R.Civ.P. 6(a)("When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."). Petitioner's motion for an extension of time to file a traverse is thus moot.

IT IS THEREFORE ORDERED that petitioner's motion for reconsideration (Doc. 21) is denied, and motion for an extension of time (Doc. 28) is denied as moot.

IT IS FURTHER ORDERED that petitioner is denied leave to proceed in forma pauperis in her second interlocutory appeal, and the court issues no certificate of appealability for said appeal.

A copy of this order is to be provided to the parties, and to the Finance Officer where petitioner is currently confined.

**IT IS SO ORDERED.**

DATED:  This 21st day of March 2007 at Topeka, Kansas.


                                             <u>s/ Sam A. Crow</u>
                                             SAM A. CROW
                                             U.S. Senior District Judge