lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LISA JANE GRAHAM,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | Case No. 06-3317-JAR |
| ) | |
| **RICHARD KOERNER, et al.,** ) | |
| ) | |
| **Respondents.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Petitioner Lisa Graham has filed a Petition for Writ of Habeas Corpus (Doc. 1) seeking federal habeas relief from a state conviction, pursuant to 28 U.S.C. § 2254.[1]  This matter is before the Court on several pro se motions filed by petitioner: Motion for a Conference as a Preclude [sic] to an Evidentiary Hearing (Doc. 42); Motion for Order of transport to said conference (Doc. 43); and Motion for Transfer to the United States Appeals Court (Doc. 44).

Plaintiff urges this Court to release her from custody so that she may obtain medical treatment for her various health problems.  The Tenth Circuit has explained, however, that a district court is authorized to modify a defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.[2]  Accordingly, petitioner must identify some jurisdictional basis for this Court to modify her sentence, which she has failed to do.  In the absence of any jurisdiction, the federal courts are not receptive to an inmate's request

---

[1] The Court will address the merits of petitioner's habeas action in a separate order.

[2] *United States v. Price*, 438 F.3d 1005, 1007 (10th Cir. 2006).

to be released from custody so that the inmate may seek medical care.[3]

To the extent petitioner seeks "supervised release" pending resolution of her § 2254 proceedings, that request is also denied. A federal district court has inherent power to release or "enlarge" a state prisoner on bond, pending a hearing and a decision on a petition for habeas corpus.[4] To grant such relief, however, a habeas inmate must show exceptional circumstances and demonstrate a clear case on the merits of the habeas petition.[5] In this case, the Court finds that petitioner has demonstrated neither a likelihood nor a high probability of success on substantial claims of constitutional deprivation. The Court further finds no showing of exceptional, special or extraordinary circumstances that require petitioner's release from custody.

Alternatively, petitioner appears to raise issues regarding the conditions of her confinement. These types of claims by state prisoners must be brought in actions under 42 U.S.C. § 1983; they do not justify habeas relief.[6] As a result, petitioner's motion for a conference and for transport to said conference are denied.

Petitioner also asks this Court to transfer her case to the Tenth Circuit Court of Appeals for consideration. Petitioner has unsuccessfully filed two interlocutory appeals in this § 2254

---

[3]*See, e.g., Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005) ("If an inmate established that his medical treatment amounts to cruel and unusual punishment, the appropriate remedy would be to call for proper treatment, or to award him damages; release from custody is not an option.").

[4]*Hunter v. McKune*, 07-3142-SAC, 2007 WL 2273692, at *1 (D. Kan. Aug. 7, 2007) (citing *Pfaff v. Wells*, 648 F.2d 689, 692 (10th Cir. 1981)).

[5]*Id*. (citing *Pfaff*, 648 F.2d at 693).

[6]*See Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside the core [of habeas corpus] and may be brought pursuant to § 1983 in the first instance."); *Lynn v. Roberts*, 195 F. App'x 736, 738 n.2 (10th Cir. 2006) (citing *Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000)).

proceeding, both of which were dismissed by the Tenth Circuit.[7] As stated in the orders dismissing the appeals, the Tenth Circuit does not have jurisdiction until this Court issues final judgment in this case. Petitioner's motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that petitioner's Motion for Conference (Doc. 42), Motion for Transport (Doc. 43) and Motion for Transfer (Doc. 44) are DENIED.

IT IS SO ORDERED.

Dated this 13th day of March 2008.

                                        S/ Julie A. Robinson
                                        Julie A. Robinson
                                        United States District Judge

---

[7] (Docs. 15, 35.)