lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LISA JANE GRAHAM,** | ) |
| | ) |
| Petitioner, | ) |
| v. | ) |
| | ) |
| **RICHARD KOERNER, et al.,** | ) |
| | ) Case No. 06-3317-JAR |
| | ) |
| Respondents. | ) |
| | ) |

## MEMORANDUM AND ORDER DENYING
## PETITIONER'S MOTION FOR RECONSIDERATION

This matter is before the Court on petitioner Lisa Graham's Motion for Reconsideration (Doc. 58) of this Court's order denying petitioner federal habeas relief (Doc. 54).[1] For the reasons explained in detail below, petitioner's motion is denied.

Because petitioner's motion was filed within ten days of this Court's judgment, the motion is treated as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e).[2] Generally, a motion for reconsideration "should be granted only to correct manifest errors of law or to present newly discovered evidence."[3] A Rule 59(e) motion is appropriate where the court

---

[1] Petitioner has also filed a premature notice of appeal of the Court's decision denying her petition for habeas relief (Doc. 60). That appeal has been abated by the Tenth Circuit pending disposition of petitioner's motion for reconsideration (Doc. 64). *See* Fed. R. App. P. 4(a)(4)(B)(I) (providing that a premature notice of appeal is suspended during the pendency of a Rule 59(e) motion and "becomes effective . . . when the order disposing of the last such remaining motions is entered.").

[2] *See Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995)

[3] *Adams v. Reliance Standard Life Ins. Soc'y*, 225 F.3d 1179, 1186 n.5 (10th Cir. 2000) (quoting *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997)).

has misapprehended the facts, a party's position, or the controlling law.[4]  Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[5]  The law in this circuit is clear that a Rule 59(e) motion "cannot be used to expand a judgment to encompass new issues which could have been raised prior to issuance of the judgment."[6]  Rule 59(e) motions

> are aimed at *re*consideration, not initial consideration.  Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued.  Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence.[7]

The Court finds that petitioner merely repeats arguments considered and rejected by the Court and now seeks to supplement her arguments with additional issues that were not raised in her previous submissions.  The law is clear that "rehash[ing] arguments previously addressed or present[ing] new legal theories or facts that could have been raised earlier is not permitted by Rule 59(e)."[8]  Petitioner does not attempt to produce newly discovered evidence, and does not demonstrate that this Court erred regarding the parties' positions, the facts, or the applicable law.  Accordingly, petitioner's motion for reconsideration is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that petitioner's Motion for

---

[4]*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

[5]*Brown v. Presbyterian Healthcare Serv.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997).

[6]*Steele v. Young*, 11 F.3d 1518, 1520 n.1 (10th Cir. 1993); *see also* Charles Alan Wright, et al., Federal Practice & Procedure: Civil 2d § 2810.1 ("The Rule 59(e) motion may not be used . . . to raise arguments or present evidence that could have been raised prior to the entry of judgment.").

[7]*Jorge Rivera Surillo & Co. v. Falconer Glass Indus.,* 37 F.3d 25, 29 (1st Cir. 1994) (internal quotation marks omitted).

[8]*Brown*, 101 F.3d at 1332.

Reconsideration (Doc. 58) is DENIED.

IT IS SO ORDERED.

Dated this 3rd day of October 2008.

 S/ Julie A. Robinson
Julie A. Robinson
United States District Judge